IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREGORY LEE McCALL, #15064-045,   )
                                  )
            Plaintiff,             )
                                  )
vs.                                )   CASE NO. 12-cv-843-JPG
                                  )
UNITED STATES of AMERICA and       )
P.A. DUNCAN,                       )
                                  )
            Defendants.            )

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Gregory Lee McCall, currently incarcerated in FCI-Victorville, California, brings this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346, 2671-2680, based on events that occurred while he was an inmate in the United States Penitentiary at Marion, Illinois ("Marion"). Plaintiff originally filed this action in the district court for the Central District of California, which granted his request for leave to proceed *in forma pauperis* ("IFP") (Doc. 2), before the case was transferred to this Court. However, an examination of Plaintiff's litigation history discloses that prior to bringing this action, he has had at least three cases dismissed pursuant to 28 U.S.C. § 1915A as frivolous or for failure to state a claim upon which relief may be granted.[1] Because Plaintiff has three "strikes," he may not proceed IFP in federal court on any civil action unless he is under imminent danger of serious physical injury. *See* 28

---

[1] *See McCall v. Johnson Cnty. Sheriff Dep't*, No. 02-cv-03184 (D. Kan.) (dismissed Feb. 24, 2003, for failure to state a claim); *McCall v. Keefe Supply Co.*, No. 02-cv-03185 (D. Kan.) (dismissed Feb 24, 2003, for failure to state a claim); *McCall v. Whipple*, No. 03-cv-00015 (W.D. Mo.) (dismissed Feb. 11, 2003 as frivolous).

U.S.C. § 1915(g). The complaint contains no allegations that such imminent danger exists; it concerns events that took place in August 2007. Therefore, Plaintiff's IFP status is **REVOKED.**

Non-disclosure of a plaintiff's litigation history is sufficient grounds for dismissal of the case. *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008); *see also Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). Accordingly, Plaintiff is **WARNED** that if he attempts to file any future action in this Court without fully disclosing his litigation history, including all "strikes," his complaint shall be summarily dismissed.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $350 for this action within **TWENTY-ONE (21) DAYS** of the entry of this Memorandum and Order (on or before September 18, 2012).

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Memorandum and Order in the time allotted, this case will be closed for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiff and to the Trust Fund Officer at FCI-Victorville ***upon entry of this Memorandum and Order***.

IT IS SO ORDERED.

DATED: August 28, 2012

                                                *s/J. Phil Gilbert*
                                              **United States District Judge**