IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GREGORY LEE McCALL, #15064-045,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CASE NO. 12-cv-843-JPG |
| ) | |
| **UNITED STATES of AMERICA and** ) | |
| **P.A. DUNCAN,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

　　This matter is before the court for case management, and on Plaintiff's motion (Doc. 12) to voluntarily dismiss without prejudice, filed September 10, 2012. After learning that Plaintiff had "struck out" by having three previous actions dismissed pursuant to 28 U.S.C. § 1915A, this Court revoked his leave to proceed in forma pauperis ("IFP") and ordered Plaintiff to pay the $350 filing fee in full no later than Sepember 18, 2012, or face dismissal.

　　In his motion, Plaintiff asserts that he had "filed a non-cash 'bond' with the California Court [where the instant action was originally filed before its transfer here] in lieu of the cash filing fee, with collateral to pay all fines, fees, costs, etc. associated with this action" (Doc. 12, p. 1). He also requests that this "bond" be immediately returned to him "until the filing fee is paid" (Doc. 12, p. 2). However, this Court can find no record, either in this case or in the electronic docket of the original California case (No. 12-cv-5823, C.D. Ca.), of any such bond. Indeed, Plaintiff's assertion that he had access to some collateral to guarantee the payment of his filing fee directly contradicts his statement in the motion to proceed IFP (Doc. 1) that he is indigent, owns

no property or assets, and is unable to pay the cost of the proceeding or give security therefor. One of these claims must be false.

Voluntary withdrawal of his claim is Plaintiff's right.  *See* FED. R. CIV. P. 41(a)(1)(A)(I). Therefore, Plaintiff's motion (Doc. 12) is **GRANTED IN PART.**  This action is **DISMISSED**, however, the dismissal is **with prejudice** for the following reasons.  Plaintiff has failed to pay the $350 filing fee as ordered and indicated he will not be able to meet the September 18 deadline for doing so, while at the same time he asserts that he has the means to pay the fee by virtue of the "bond" he refers to.  Additionally, Plaintiff failed to disclose his litigation history or the fact he had previously "struck out" when he filed this action, leading the California court to grant his IFP motion when he was not entitled to that relief.  *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (termination of the suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court).  As a result of this deception, Plaintiff has consumed the valuable judicial resources of two federal district courts.

Finally, Plaintiff's request that his "bond" be returned to him is **DENIED**, there being no such bond filed in this action.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  The *Sloan* court cogently observed that "unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation." *Sloan*, 181 F.3d at 859 (citing *Support Sys. Intl, Inc. v.*

*Mack,* 45 F.3d 185 (7th Cir. 1995)).  The Court finds that such an order is appropriate here.

**IT IS THEREFORE ORDERED** that until such time as Plaintiff has paid the $350 filing fee for this action in full, Plaintiff Gregory Lee McCall, BOP Register No. 15064-045, is **BARRED** from filing any future action in this Court, and the Clerk is **DIRECTED** to return unfiled any papers that he submits.  Exempt from this filing restriction are: a notice of appeal in this case (which shall result in the imposition of an additional $455 filing fee); a petition for a writ of habeas corpus; and any papers sought to be filed by McCall in a civil or criminal case in which he is a party defendant.  *See Mack,* 45 F.3d 185; *Newlin v. Helman,* 123 F.3d 429, 436-37 (7th Cir. 1997).  In accordance with this precedent, Plaintiff may apply for modification or recission of this order not sooner than two years from the date of its entry, assuming that he fails to pay the balance of the $350 filing fee within that two years.  Any papers submitted to the Court by Plaintiff while this filing restriction is in place shall be accompanied by a copy of this order.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   September 17, 2012

                                                       *s/J. Phil Gilbert*
                                                      **United States District Judge**